**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JAX IMPLANTS AND DENTURES,
PLLC,

                                   Civil Action No.

      Plaintiff,

v.

DAVID & ASSOCIATES SPECIALISTS,
LLC, and
DR. JOEL A. DAVID, DMD,

      Defendants.

_____

**COMPLAINT, PERMANENT INJUNCTIVE RELIEF REQUESTED,**
**AND DEMAND FOR A JURY TRIAL**

_____

      Plaintiff Jax Implants and Dentures, PLLC ("Jax Implants"), brings this complaint against Defendants David & Associates Specialists, LLC ("David & Associates Specialists") and Dr. Joel A. David ("Dr. David") (collectively "Defendants") because Defendants are actively engaged in a targeted false advertising campaign aimed at disparaging Jax Implants, its physicians, and its business. Defendants have made and are intentionally making false, misleading and defamatory claims to damage the goodwill built up by Jax Implants at great expense, and to deceptively induce consumers to reject Jax Implants in favor of Defendants in northern Florida and beyond.  In support of its Complaint, Plaintiff alleges as follows:

## NATURE OF THE ACTION

1.      This is a civil action for false advertising and contributory false advertising under the Lanham Act, 15 U.S.C. §1125(a), violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") FLA. STAT. § 501.201 *et seq.*, common law unfair competition, defamation, and statutory false advertising in violation of FLA STAT. § 817.41. Jax Implants seeks permanent injunctive relief as well as a determination that Defendants' conduct constitutes deliberate, willful and/or bad faith conduct such that this should be declared an exceptional case under 15 U.S.C. § 1117(a).

## PARTIES, JURISDICTION AND VENUE

2.      Jax Implants is a professional limited liability company organized and existing under the laws of the State of Florida, with a principal place of business at 11645 Beach Blvd, Suite 101, Jacksonville, FL 32246.  Jax Implants is a full mouth implant center and provides patients with life-changing implant dentistry treatments.

3.      Dr. Joel A. David, DMD is an individual operating a dental practice under the laws of the State of Florida and residing in the State of Florida, and has personally participated in the acts alleged herein.  On information and belief, Dr. David manages David & Associates, Specialists.

4.      Defendant David & Associates Specialists is a limited liability company organized and existing under the laws of the State of Florida, having its principal place of business at 10991-54 San Jose Boulevard, Jacksonville, FL 32223.  On information

and belief, Dr. David has substantial involvement in providing services for and managing David & Associates Specialists.

5.    This Court has subject matter jurisdiction over Plaintiff's claims for False Advertising under the Lanham Act and common law unfair competition pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1367, respectively.

6.    This Court has supplemental jurisdiction over Plaintiff's claims arising under the laws of Florida pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Plaintiff's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

7.    This Court has personal jurisdiction over David & Associates Specialists. David & Associates Specialists resides in and has conducted, and does regularly conduct, business within the State of Florida including the Middle District of Florida. David & Associates Specialists has offered to sell, sold, advertised, and/or provided its D5 Teeth services and products to customers located within the State of Florida and this District.  David & Associates Specialists has sought the protection and benefit from the laws of the State of Florida by incorporating and residing in Florida, and by advertising and selling its D5 Teeth services in products with the awareness and intent that they will be purchased by consumers in this District.

8.    This Court has personal jurisdiction over Dr. David.  Dr. David is a resident of Florida and owns and operates David & Associates Specialists, the dental practice identified in paragraph 4, with a principal place of business at 10991-54 San Jose Blvd Jacksonville, FL 32223.  Dr. David has conducted, and does regularly

conduct, business within the State of Florida including this District.  Dr. David has offered to sell, sold, advertised, and/or provided services and products to customers located within the State of Florida and this District.  Dr. David has sought the protection and benefit from the laws of the State of Florida by incorporating his business and residing in Florida, and by advertising and selling his services in products with the awareness and intent that they will be purchased by consumers in this District.

9.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and (c).  Venue is also proper in this judicial district pursuant to 28 U.S.C. § 139l(b)(2).  All Defendants reside and are domiciled in this District, and the advertising claims at issue in this litigation were made in this district and targeted consumers in this District.

## JAX IMPLANTS PROVIDES LIFE-CHANGING DENTAL IMPLANT SERVICES

10.    Founded in 2022, Jax Implants is owned and operated by Dr. Alex McRee and Dr. Spencer Russell.  Jax Implants provides patients with a full range of life-changing dental restorations, including full mouth implants (also known as "all-on-four treatments") single tooth implants, implant dentures, and full-mouth dentures, among other procedures.  Dr. McRee has completed thousands of implant procedures at leading centers across the southeastern United States, and has an impeccable success rate with implant procedures performed at Jax Implants.

11.    Dr. Russell oversees the clinical lab cases that come through Jax Implants, and leads the team at Jax Implants with respect to cosmetic decisions. Jax Implants utilizes ground-breaking technology in the form of 3D scanners, CAD/CAM milling,

3D printers, and more that provide the most accurate restorations that are then hand finished by highly trained technicians to provide life-changing patient restorations.

12.     Jax Implants' goal is to provide patients with top-of-the-line treatment at an affordable price.  To that end, the Jax Implants website directs prospective patients to a link titled "Am I A Candidate?" where prospective patients can schedule a free consultation to determine which treatment option is best for them.  Jax Implants tailors its treatment options to its specific patients' needs, and in doing so, Jax Implants has performed a variety of procedures based on patient need, including implant restorations where the patient receives permanent zirconia teeth anywhere from the same day as the procedure to several weeks or months after the procedure—again, depending on patient needs.

## DEFENDANTS' FALSE AND MISLEADING ADVERTISING CAMPAIGN

13.     Defendants Joel David and David & Associates Specialists collectively and individually offer dental implant services under the tradenames "D5 Teeth" and "D5 Teeth Express Implant Solution."  Defendants create, manage, direct and maintain the d5teeth.com website which advertises the "D5 Teeth Express Implant Solution," available at https://d5teeth.com.

14.     Defendants recently created a new website titled "D5teeth vs. Jax Implant – Jax Implant Alternative" (the "D5 Teeth Website") located at https://d5teeth.com/JAX-implant, that is devoted to attacking Jax Implant's business, Jax Implant's patient care services, and disparaging Jax Implants' business and professionals.  The disparaging D5 Teeth Website contains numerous false,

misleading, and defamatory claims directed at Jax Implants, its business and its services.

15.    Defendants claim to offer patients the same life-changing new smile, but they claim to do it more quickly and with newer technology, better materials, and all for a fraction of the price.  Defendants claim to provide these benefits as a result of their "revolutionary new" technology. But Defendants' advertising does not truthfully tout their alleged "revolutionary new" technology, or truthfully compare and contrast differences between what they offer and what Jax Implants offers; it employs literally false, misleading and defamatory claims against Jax Implants.

16.    As described more fully below, Defendants (individually and collectively) have knowingly made and continue to make false claims with respect to Jax Implants on the disparaging D5 Teeth Website, in videos posted to the disparaging D5 Teeth Website, and on information and belief through other printed materials and in direct communications with patients that are repeated secondhand on the disparaging D5 Teeth Website.

17.    By making these false and misleading advertising claims which are targeted directly at Jax Implants and its actual and prospective patients, each of the Defendants have violated the Lanham Act as well as various state and common law false advertising, unfair competition, and defamation laws.

## DEFENDANTS' FALSE, MISLEADING AND DEFAMATORY CLAIMS

### *"Bait & Switch Marketing Campaign," "Consumer Alert" and "Buyer Beware" Claims*

18.    In or around January 2023, Defendants Dr. David and David & Associates Specialists posted a video on the disparaging D5 Teeth Website stating that Jax Implants is running a "bait and switch marketing campaign." Defendants state that Jax Implants markets same day Zirconia teeth, but do not (and cannot) actually perform procedures involving same day delivery of Zirconia teeth:



19.    That claim is literally false. Jax Implants has provided same day zirconia teeth as part of the implant procedure and continues to offer that service based on individual patient needs and qualifications.

20.    The claim is also misleading in context as it invites consumers to believe that Jax Implants is not truthfully advertising its services, which include, in appropriate cases, implant procedures involving same day delivery of zirconia teeth.

21.    Defendants also claim that their attorneys "are now in the process of filing multiple federal and state complaints" against "Jacksonville Implants'" deceptive marketing. As set forth above, Jax Implants has provided and continues to offer an implant procedure involving same-day zirconia teeth, and has on multiple occasions provided zirconia teeth inside of one week. While not recommended for all patients, contrary to Defendants' false claims, these treatments are available where they fit a particular patient's needs.

22.    Another reference to Jax Implants on the D5 Teeth Website is a "consumer alert" page, contained in prominent text below a caution symbol, as shown below:



23.    Under this prominent "Consumer Alert" heading, Defendants state that Jax Implants is making a "Shocking New Claim" by advertising permanent zirconia teeth on the same day of surgery. Despite the fact that Jax Implants has in fact performed an implant procedure involving same-day zirconia teeth and continues to offer same-day zirconia teeth, Defendants claim that Jax Implants has "never even

done one 7 day expedited procedure" and include a "consumer alert" relating to the same.  This claim is literally false.

24.    In addition, and contrary to the implication of Defendants' advertising claims, no government, regulatory or industry agency has ever issued a "Consumer Alert" regarding Jax Implants, its services, or upon information and belief Defendants' services.

25.    The D5 Teeth Website also includes the following "Buyer Be Aware" claim, in which Defendants falsely and misleadingly characterize Jax Implants' truthful and accurate advertising as "over inflated" and "non-substantiated":

> **BUYER BE AWARE / EDITORIAL COMMENT**
> Centers Claiming They Can Give Patients Permanent Zirconia Teeth In 7 Days If They Wanted To And Making Over Inflated Non-Substantiated Claims About Their Expertise.

26.    Because Jax Implants has and will perform implant procedures that involve the delivery of same day zirconia teeth, same week zirconia teeth, and zirconia teeth on a longer timeline—depending on patient health and needs—each of these "Bait & Switch Marketing Campaign," "Consumer Alert" and "Buyer Beware" claims are both false and misleading.

### *"4 Months to Deliver Permanent Teeth" and "Why Wait Up to 10+ Months to Get Zirconia Teeth?" Claims*

27.    The D5 Teeth Website also states that Jax Implants' "main restoration takes 4 months to do versus now in as little as 4 days at D5teeth."  In addition, after representing to consumers that Defendants' D5 Teeth center is the "only center that

delivers custom, all zirconia, permanent teeth in as little as 4 days" (which as alleged above is itself literally false), the D5 Teeth Website dedicated to disparaging Jax Implants asks consumers "why wait up to 10+ months to get zirconia teeth?":



These claims are at best misleading and at worst, literally false.

28.    As alleged herein, Jax Implants provides a range of implant treatments for its patents, including treatments where patients receive permanent zirconia teeth on the same day and in the same week as the implant procedure.  As a result, Defendants' claims that Jax Implants takes "4 months to deliver permanent teeth," and more aggressive implication that patients must wait for more than 10 months for zirconia teeth, is literally false.

29.    Defendants have similarly launched various Google ads claiming that "Jax Implant Cannot Do What We Do By Giving You All Zirconia Teeth On The Same Day $6k Less."  An example of one of Defendants' Google ads is below:



30.    As illustrated above, that claim is literally false.  As is the claim that Defendants have an "Onsite Lab" and Jax Implants does not.  As a point of fact, Defendants' lab is in a separate building from its surgery center, and Jax Implants' lab actually shares walls with its surgery center.

***"Why Settle for Wearing Weak, Inexpensive Plastic Temporaries That Are Prone to Break Like Jax Implants Gives Patients," the Jax Implant "Dirty Little Secret" and Other Quality Claims***

31.    Defendants claim on the D5 Teeth Website that it is a "dirty little secret" that Jax Implants uses "weak, inexpensive plastic temporaries that are prone to break." This claim is literally false, as Jax Implants utilizes a Flexcera Smile Ultra+ Dental Resin in procedures that involve placing a healing set of teeth prior to seating final zirconia teeth.

32.    Flexcera Smile Ultra+ is a next-generation hybrid nanoceramic resin FDA 510(k) Class 2 cleared for a wide range of permanent and temporary dental

restorations, and as a result Defendants' claim that Jax Implants uses "weak, inexpensive plastic temporaries that are prone to break" is both false and misleading.

### *"We Save Many Patients $15-$25k" and Other False and Misleading Price Claims*

33.    As shown above, Defendants state on the D5 Website dedicated to disparaging Jax Implants (at d5teethjax.com/jax-implant) that "we save many patients $15-$25k." This claim is both false and misleading.

34.    Because Jax Implants addresses the unique needs and desires of each patient to determine the appropriate treatment, the prices paid by an individual patient vary from the listed standard rates. Regardless, there is no apples-to-apples comparison in which a patient is paying $15,000-$25,000 less at D5 Teeth than they would at Jax Implants.

35.    Confirming the fact that the "$15-$25k" savings claim is literally false, Defendants' own side-by-side comparison featured lower on the same webpage claims to  save patients from $5,000-$9,000, but only until the offer "Expires February 14, 2023":



36. Even Defendants' contradictory $5,000-$9,000 claim is false and misleading. Defendants' "regular fee" for both arches is listed as $35,900—$900 higher than Jax Implants' standard price of $35,000 for the same service. Here, Defendants are offering a "special fee for patients considering Jax Implant." Defendants are fully aware (and have continually adjusted their prices as a result) that Jax Implants has also offered to price match Defendants for patients who inquire about Defendants in a consultation with Jax Implants. Because Jax Implants has committed

13

to price matching Defendants, and because Defendants are aware of that commitment, any savings claim is literally and willfully false.

37.    Defendants also claim that "when Jax Implant adds a bar to a complete upper and lower case they charge $6,600 more! If you want complete upper and lower cases with a bar at D5teeth centers, the fee is still only $26,000 versus $35,000 at Jax Implant Center! We save many patients $9,000 or more!" That claim is literally false. Jax Implants does not charge an additional "$6,600" fee for the addition of a bar.

38.    Defendants also claim in Google ads to offer the "lowest price in Jacksonville" for a "single implant, abutment & crown":



39.    Jax Implants' standard price published on its website for the same service is $2,799—Defendants' "lowest price" claim is literally false.

40.    Defendants' false advertising, unfair competition and defamation, as described above, has caused and continues to cause irreparable harm to Jax Implants for which Jax Implants lacks an adequate remedy at law.

41.    Defendants' continued false, misleading and disparaging advertising with knowledge of the true facts regarding Jax Implants' services is willful and intentional.

## FIRST CLAIM FOR RELIEF
### (False Advertising Under 15 U.S.C. §1125(a), Lanham Act)

42.    Plaintiff realleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-41 above.

43.    Defendants have made and distributed in interstate commerce and in this judicial district advertisements that contain false and misleading representations and statements of fact. These numerous past and ongoing advertisements, attributable to some or all of the Defendants, contain actual misrepresentations, misstatements and/or misleading statements or failures to disclose, including multiple variations of claims that fall into the following categories:

i)    Jax Implants markets delivery of same day zirconia teeth as part of a "bait & switch marketing campaign," "consumer alert," and "buyer beware" claims;

ii)    Jax Implants takes anywhere from 4 months up to 10 months to deliver zirconia teeth claims;

iii)    Jax Implants delivers "weak, inexpensive plastic temporaries that are prone to break," "dirty little secret" and other quality claims; and

iv)    Patients will save $15-$25k over Jax Implants, and other false and misleading price comparison claims.

44.    These claims actually deceive, or have a tendency to deceive, a substantial segment of potential and current patients of Jax Implants. This deception is material in that it concerns the inherent quality, characteristics and performance of

Defendants' dental implant goods and services as well as the goods and services of Jax Implants. Defendants are in direct competition with Jax Implants. These false claims are likely to influence the purchasing decisions of customers and potential customers leading to less business for Jax Implants.

45.    Defendants' false and misleading advertising statements and omissions injure both consumers and Jax Implants.

46.    Defendants' false and misleading advertising statements and omissions violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Defendants have caused, and will continue to cause, immediate and irreparable injury to Jax Implants, including injury to Jax Implants' business, reputation, and goodwill, for which there is no adequate remedy at law. Jax Implants is therefore entitled to an injunction under 15 U.S.C. § 1116 restraining Defendants, their agents, employees, representatives and all persons acting in concert with Defendants from engaging in future acts of false advertising and ordering removal of Defendants' false and misleading advertisements.

47.    Pursuant to 15 U.S.C. § 1117, Jax Implants is further entitled to recover from Defendants the damages sustained by Jax Implants as a result of Defendants' acts in violation of 15 U.S.C. § 1125(a). Jax Implants is at present unable to ascertain the full extent of the monetary damages they have sustained by reason of Defendants' acts.

48.    Pursuant to 15 U.S.C. § 1117, Jax Implants is further entitled to recover from Defendants the gains, profits and advantages that Defendants have obtained as a result of its acts in violation of 15 U.S.C. § 1125(a). JAX Implants is at present unable

to ascertain the full extent of the gains, profits and advantages Defendants have obtained by reason of their acts.

49.     Pursuant to 15 U.S.C. § 1117, Jax Implants is further entitled to recover the costs of this action. Moreover, Jax Implants is informed and believe, and on that basis allege, that Defendants' conduct was undertaken willfully and with the intention of causing confusion, mistake or deception, making this an exceptional case entitling Jax Implants to recover additional damages and reasonable attorneys' fees.

### SECOND CLAIM FOR RELIEF
**(Violation of Florida Deceptive and Unfair Trade Practices Act
Fla. Stat. § 501.201 *et seq*.)**

50.     Jax Implants realleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-41 above.

51.     Florida's Deceptive and Unfair Trade Practices Act, ("FDUTPA"), prohibits "unfair methods of competition," "unconscionable acts or practices," and "unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. §501.204.

52.     As set forth above, Defendants' actions constitute a violation of FDUTPA at least because these Defendants' advertising claims at issue relating to Defendants' D5 Teeth Express Implant Solution goods and services, the goods and services of Jax Implants, and Jax Implants generally, are false, misleading, and defamatory. These actions are prohibited by FDUTPA.

53.     Defendants' false, misleading and defamatory claims have caused and are likely to cause continued economic harm and actual damages to Jax Implants by

diverting patients away from Jax Implants and wrongfully driving them to Defendants, and reputational harm by leading consumers to believe negative information about Jax Implants that is false.

54.    As a result of Defendants' unfair competition and false advertising, Jax Implants is entitled to injunctive relief, as allowed by FDUTPA.

55.    As a result of Defendants' unfair competition and false advertising, Jax Implants is entitled damages in an amount to be proven at trial, as allowed by FDUTPA.

56.    There is no adequate remedy at law and if an injunction is not ordered, Jax Implants will continue to suffer irreparable harm and/or injury.

### THIRD CLAIM FOR RELIEF
### (Common Law Unfair Competition)

57.    Jax Implants realleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-41 above.

58.    Defendants (individually and collectively), operating businesses and practices in competition with Jax Implants, have engaged in deceptive and unfair conduct by making false, misleading and defamatory advertising claims as alleged above.  For example, the D5 Teeth Website appeals to a national audience, including Florida consumers, and each contain numerous false and misleading statements, as alleged above.

59.     The common law of the State of Florida prohibits conduct that is contrary to honest practice in industrial and commercial matters and/or conduct which is likely to confuse or deceive the public.

60.     Defendants' conduct constitutes false and misleading advertising and unfair competition in violation of the common law of the State of Florida.

61.     Defendants' false, misleading and defamatory claims have caused and are likely to cause continued economic harm and actual damages to Jax Implants by diverting patients away from Jax Implants and wrongfully driving them to Defendants, and reputational harm by leading consumers to believe negative information about Jax Implants that is false.

62.     Defendants' intentional acts and conduct as alleged above have damaged and will continue to damage Jax Implants, including in the form of pecuniary loss and general decline in business, and have resulted in an illicit gain of profit to Defendants in an amount unknown at the present time.

### FOURTH CLAIM FOR RELIEF
**(Defamation)**

63.     Jax Implants realleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-41 above.

64.     Defendants published on the D5 website at false and misleading advertising claims that fall into one or more of the following categories:

i)    Jax Implants markets delivery of same day zirconia teeth as part of a "bait & switch marketing campaign," "consumer alert," and "buyer beware" claims;

ii)   Jax Implants takes anywhere from 4 months up to 10 months to deliver zirconia teeth claims;

iii)  Jax Implants delivers "weak, inexpensive plastic temporaries that are prone to break," "dirty little secret" and other quality claims; and

iv)   Patients will save $15-$25k over Jax Implants, and other false and misleading price comparison claims.

65.    Defendants have been directly, previously informed of the falsity of the D5 Teeth Express Implant Solution advertising claims contained on the D5 website, and not only did they respond by unequivocally refusing to remove the false claims but they also added additional, similar false claims to the public sphere. Defendants have not only acted negligently but have acted with complete knowledge or reckless disregard to the falsity of their advertising claims.

66.    Defendants' false, misleading and defamatory claims have caused and are likely to cause continued economic harm and actual damages to Jax Implants by diverting patients away from Jax Implants and wrongfully driving them to Defendants, and reputational harm by leading consumers to believe negative information about Jax Implants that is false.

67.    Defendants' Dr. David and David & Associates intentional dissemination of false and misleading defamatory information about their own goods and services as

20

well as those of Jax Implants as alleged above has damaged and will continue to damage JAX Implants, including in the form of pecuniary loss and general decline in business, and has resulted in an illicit gain of profit to Defendants in an amount unknown at the present time.

**FIFTH CLAIM FOR RELIEF**
**(Misleading Advertising Under Fla. Stat. § 817.41)**

68.    Jax Implants realleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-41 above.

69.    Defendants (individually and collectively) compete directly against Jax Implants in the dental implant industry for the exact same patients.

70.    The false and misleading advertising claims at issue relate directly to the dental implant goods and services offered for sale by Jax Implants and those offered for sale by Defendants under the names D5 Teeth Express Implant Solution. This deception is material in that it concerns the inherent quality, characteristics and performance of Defendants' dental implant goods and services as well as the goods and services of Jax Implants. Defendants are in direct competition with Jax Implants. These false claims are likely to influence the purchasing decisions of customers and potential customers leading to less business for Jax Implants.

71.    Defendants disseminated to the general public in the State of Florida, false and misleading statements about their own goods and services and those of Jax Implants by publishing on their website false and misleading claims that fall into one or more of the following categories:

    i)    Jax Implants markets delivery of same day zirconia teeth as part of a "bait & switch marketing campaign," "consumer alert," and "buyer beware" claims;

    ii)    Jax Implants takes anywhere from 4 months up to 10 months to deliver zirconia teeth claims;

    iii)    Jax Implants delivers "weak, inexpensive plastic temporaries that are prone to break," "dirty little secret" and other quality claims; and

    iv)    Patients will save $15-$25k over Jax Implants, and other false and misleading price comparison claims.

72.    Defendants' false, misleading and defamatory claims have caused and are likely to cause continued economic harm and actual damages to Jax Implants by diverting patients away from Jax Implants and wrongfully driving them to Defendants, and reputational harm by leading consumers to believe negative information about Jax Implants that is false.

73.    As alleged above, Defendants' knew or should have known that these statements were false because Defendants monitor Jax Implants pricing and delivery schedule, against which they adjust and peg their own, and because, as licensed dentists, Defendants know that Flexcera Smile Ultra+, an FDA 510(k) Class 2 product, is not a "weak, inexpensive plastic" that is "prone to break."  Further, Defendants have been directly, previously informed of the falsity of the D5 Teeth Express Implant Solution advertising claims contained on the D5 website, and not only did they respond by unequivocally refusing to remove the false claims but they

also added additional, similar false claims to the public sphere. Defendants have not only acted negligently but have acted with complete knowledge or reckless disregard to the falsity of their advertising claims.

74.    Defendants' intentional dissemination of false and misleading defamatory information about their own goods and services as well as those of Jax Implants as alleged above has damaged and will continue to damage Jax Implants, including in the form of pecuniary loss and general decline in business, and has resulted in an illicit gain of profit to Defendants in an amount unknown at the present time.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jax Implants respectfully request judgment as follows:

A.    For permanent injunctive relief prohibiting Defendants, their agents, or anyone working for, in concert with or on behalf of Defendants from engaging in false or misleading advertising with respect to Defendants' goods and services, the goods and services of JAX Implants, or Jax Implants' reputation, and/or violating Section 43(a) of the Lanham Act and Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq*, which relief includes but is not limited to removal of all false or misleading advertisements as well as damages;

B.    That Defendants be adjudged to have violated 15 U.S.C. § 1125(a) by unfairly competing against Jax Implants by using false, deceptive or misleading statements of fact that misrepresent the nature, quality, performance and

characteristics of Defendants' dental implant goods and services as well as the dental implant goods and services offered by Jax Implants;

C.    That Defendants be adjudged to have violated Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq* by engaging in deceptive trade practices and injuring JAX Implants;

D.    That Defendants be adjudged to have engaged in unfair competition in violation of the Florida common law;

E.    That Defendants be adjudged to have disseminated misleading advertising in violation of Fla. Stat. § 817.41;

F.    That Jax Implants be awarded its costs, attorney's fees, punitive and actual damages under Fla. Stat. § 817.41;

G.    That Jax Implants be awarded damages it has sustained as a consequence of Defendants' conduct;

H.    That Jax Implants be awarded profits obtained by Defendants as a consequence of Defendants' conduct;

I.    That Jax Implants recover its costs and attorneys' fees;

J.    That all of Defendants' misleading and deceptive materials be removed and destroyed pursuant to 15 U.S.C. § 1118;

K.    That Jax Implants be granted prejudgment and post-judgment interest, and;

L.    That the Court grant such other and further relief as the Court deems just and proper.

## <u>REQUEST FOR TRIAL BY JURY</u>

Plaintiff Jax Implants and Dentures, PLLC respectfully requests a trial by jury on all issues so triable.

Dated: January 27, 2023

By:      /s/ Traci T. McKee

**Traci T. McKee** (FL 53088)
Faegre Drinker Biddle & Reath LLP
1500 K. Street N.W., Suite 1100
Washington, DC 20005
Phone: 202-842-8800

**Jared B. Briant** (*pro hac vice motion forthcoming*)
Faegre Drinker Biddle & Reath LLP
1144 Fifteenth Street, Suite 3400
Denver, CO 80202
Phone: 303-607-3500; Fax: 303-607-3600

**David R. Merritt** (*pro hac vice forthcoming*)
Faegre Drinker Biddle & Reath LLP
90 South Seventh Street, Suite 2300
Minneapolis, MN 55402
Phone: 612-766-7000

*Attorneys For Plaintiff Jax Implants and Dentures, PLLC*