UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAX IMPLANTS AND DENTURES, PLLC,

    Plaintiff,

v.                                              Case No.: 3:23-CV-102-MCR

DAVID & ASSOCIATES SPECIALISTS,
LLC, and BRIAN LEE WARE as Personal
Representative of the ESTATE OF JOEL A.
DAVID, Deceased

    Defendants.
_____/

DAVID & ASSOCIATES SPECIALISTS, LLC,

    Counterclaim-Plaintiff/Third-Party Plaintiff,

v.

JAX IMPLANTS AND DENTURES, PLLC,

    Counterclaim-Defendant,

    and

ALEX M. MCREE, DMD and
WILLIAM S. RUSSELL, DMD,

    Third-Party Defendants.
_____/

## CONSENT JUDGMENT

Upon consent of Plaintiff Jax Implants and Dentures, PLLC ("Jax Implants") and Third-Party Defendants, Alex M. McRee, DMD and William S. Russell, DMD (collectively "Third-Party Defendants"), David & Associates Specialists, LLC ("DAS

LLC"), and Brian Lee Ware as Personal Representative of the Estate of Joel A. David (the "Estate") (collectively "Defendants"), judgment will enter upon the claims and counterclaims asserted in Plaintiff's Third Amended Complaint (Dkt. No. 48) and Defendants' Amended Counterclaims and Third-Party Complaint (Dkt. No. 57), and **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. This Court has jurisdiction over the parties to this action and over the subject matter of the claims alleged in Plaintiff's Third Amended Complaint (Dkt. No. 48) and Defendants' Amended Counterclaim and Third-Party Complaint (Dkt. No. 57).

2. Judgment will enter in favor of Plaintiff Jax Implants and against Defendants on Jax Implants' claims for: False Advertising under the Lanham Act (15 U.S.C. § 1125(a)), Unfair Competition, violation of the Florida Deceptive Unfair Trade Practices Act (Fla. Stat. § 501.21), Common Law Unfair Competition, Defamation, Misleading Advertising under Fla. Stat. § 817.41, Common Law Fraud, and any other claims alleged in Plaintiff's Third Amended Complaint (Dkt. No. 48).

2. Judgment will enter in favor of Plaintiff Jax Implants and against Defendants on Defendants' counterclaims against Jax Implants and Drs. Alex McRee and William Russell for: False Advertising under the Lanham Act (15 U.S.C. § 1125(a)), Unfair Competition, violation of the Florida Deceptive Unfair Trade Practices Act (Fla. Stat. § 501.21), Common Law Unfair Competition, Misleading Advertising under Fla. Stat. § 817.41, and any other counterclaims alleged in Defendants' Amended Counterclaims and Third-Party Complaint (Dkt. No. 57).

3. Defendant Brian Lee Ware agrees to transfer title to the real property located at 2865 Plummer Cove Road, Jacksonville, Florida 32223 (the "Plummer Cove Property") to Jax Implants by September 23, 2025.

4. Following entry of this Consent Judgment, Plaintiff Jax Implants may file a motion to approve settlement in the probate action captioned *In Re: Estate of Joel A. David*, currently pending in the Probate Division of the Circuit Court for Duval County, Florida, File No. 16-2023-CP-2026 (the "Probate Action"), that will request approval of transfer of title to the real property located at 3636 Cardinal Point Drive, Jacksonville, Florida 32257 (the "Cardinal Point Property"). As part of this Consent Judgment, The Estate and Brian Lee Ware agree to transfer of title of the Cardinal Point Property to Plaintiff Jax Implants and they will not object to the motion to approve settlement to be filed by Plaintiff Jax Implants.

5. Upon order from the court in the Probate Action granting Plaintiff Jax Implants' motion to approve settlement, Brian Lee Ware, Personal Representative of the Estate, will transfer title to the Cardinal Point Property to Plaintiff Jax Implants.

6. Defendant Brian Lee Ware will provide proof of the mortgage amounts for the Plummer Cove Property and the Cardinal Point Property to Plaintiff Jax Implants by September 23, 2025. Upon transfer of title to Plaintiff Jax Implants, Plaintiff Jax Implants will assume the outstanding mortgage amounts on the Plummer Cove Property and the Cardinal Point Property. The Estate and Brian Lee Ware, Personal Representative of the Estate, will not take any steps to increase the mortgages on either

the Plummer Cove Property or the Cardinal Point Property, or to otherwise increase the indebtedness on either of these properties.

7. If the court in the Probate Action issues an order denying Jax Implants' motion to approve settlement, the Estate and Brian Lee Ware, as the Personal Representative of the Estate, will consent to treat Jax Implants as a creditor of the Estate of Joel A. David in the amount of five hundred thousand dollars ($500,000.00). In such a circumstance, Plaintiff Jax Implants agrees that it will not pursue post-judgment, financial discovery of either Brian Lee Ware or the Estate.

8. This Consent Judgment is agreed to by the parties as a resolution of Plaintiff Jax Implants' claims and to avoid a trial on the merits in this case, in which Jax Implants would seek $1,850,362.79 million in Plaintiff's lost profits (as set forth in the expert report of Chris Silver Smith) and approximately $1,900,000.00 in Defendants' incremental profits attributable to Defendants' false advertising (as set forth in the expert report of Jon-Reid Henz). Following trial, Plaintiff Jax Implants would also seek an award of three times actual damages pursuant to 15 U.S.C. § 1117(a) based on a finding that this is an "exceptional case," as well as punitive damages against Defendant David and Associates Specialists in connection with Jax Implants' claims for fraud and defamation, together with prejudgment and postjudgment interest. Jax Implants would further seek recovery of its reasonable attorneys' fees in connection with this exceptional case, which exceed $1,250,000.00. The total amounts that Plaintiff Jax Implants would have sought at trial and beyond in this case would exceed $11 million dollars.

4

9. The right to enforce this Judgment shall transfer to any successor-in-interest to Plaintiff Jax Implants.

10. This Court shall retain jurisdiction over this case for purposes of enforcing this Judgment.

DONE and ORDERED this 23rd day of September, 2025.

BY THE COURT:

_____
The Honorable Monte Richardson
United States Magistrate Judge

**AGREED TO:**

/s/ *Jared B. Briant*
Jared B. Briant (pro hac vice)
Faegre Drinker Biddle & Reath LLP
1144 Fifteenth Street, Suite 3400
Denver, Colorado 80202
Tel: (303) 607-3500
Fax: (303) 607-3600
jared.briant@faegredrinker.com

Traci T. McKee (FL #53088)
Faegre Drinker Biddle & Reath LLP
1500 Jackson Street, Suite 201
Fort Myers, Florida 33901
Tel: (239) 286-6900
Fax: (239) 244-9053
traci.mckee@faegredrinker.com

*Counsel for Plaintiff Jax Implants and Dentures, PLLC and Third-Party Defendants Alex M. McRee and William S. Russell*

/s/ *Nicholas W. Morcom*
Nicholas W. Morcom
Florida Bar No. 013767
Nathaniel R. Stone
Florida Bar No. 1055120
Woolsey Morcom, PLLC

203 Fort Wade Road, Suite 260
Ponte Vedra, FL 32081
(904) 638-4235 (telephone)
(904) 638-9302 (facsimile)

nick@woolseymorcom.com
nstone@woolseymorcom.com
shunnefield@woolseymorcom.com

*Counsel for Defendants David and Associates Specialists, LLC, and Brian Lee Ware as Personal Representative of the Estate of Joel A. David, Deceased*